# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv327

| | |
|---|---|
| DONNELL HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| WALMART DC 6070; WALMART | ) |
| STORES, INC.; JERRY PENDLETON; | ) |
| BOB APPLE; WALTER MOONEYHAM; | ) |
| GENERAL MANAGER RON LNU; and | ) |
| RON LNU, Assistant Manager, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the court upon defendants' Motion to Dismiss for Improper Service and/or to Quash Service. In their eleven-page memorandum in support of such motion, defendants describe how plaintiff, who is proceeding *pro se*, has failed to properly serve any defendant. While the defendants are without doubt correct, the trouble in this particular case is that the court, in allowing plaintiff to proceed *in forma pauperis*, is obligated to assist plaintiff in properly serving his Complaint. 28 U.S.C. 1915(d).

In accordance with Rule 1, Federal Rules of Civil Procedure, the court has considered the most efficient manner in which to resolve defendants' motion and

move this case forward so that it may be resolved on whatever merits there may be. Clearly, this court is obliged to assist plaintiff in his service of process. 28 U.S.C. § 1915(d).

It appears that plaintiff has named and attempted to serve a number of defendants who simply are not necessary or proper parties to this action. First, the undersigned has determined that plaintiff's employer is a necessary party to this action for alleged employment discrimination. Review of the defendants' motion, the Complaint, and the exhibits annexed to the Complaint reveals that plaintiff was employed by Wal-Mart Stores East, L.P., not "Walmart Stores, Inc.," and that Wal-Mart Stores East, L.P., is the only proper corporate defendant in this matter. The undersigned will, therefore, recommend that "WALMART DC 6070" and "WALMART STORES, INC." be dismissed as improperly named, and that Wal-Mart Stores East, L.P., be substituted as the proper party defendant.

In considering whether it is necessary to re-serve the individual defendants named in the Complaint, the undersigned has first considered whether the individual defendants are proper parties to this employment discrimination action. Review of the Complaint reveals that the individual defendants were plaintiff's supervisors. In Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. October 28, 1998), the Court of Appeals for the Fourth Circuit held that a supervisory employee is not an

"employer" subject to Title VII liability. Thus, the individual defendants, all of whom appear to be plaintiff's former supervisors, do not appear necessary to the resolution of this matter and should be summarily dismissed under 28, United States Code, Section 1915(e)(2)(B) as plaintiff cannot, as a matter of law, state a claim against such individual defendants upon which relief could be granted. 28 U.S.C. 1915(e)(2)(B)(ii). Further supporting such dismissal of the individual defendants is the failure to name such individuals in the charge of discrimination. While plaintiff has annexed what appears to be part of the EEOC right-to-sue letter, plaintiff has not included in such exhibit a copy of the charge of discrimination or any part of the decision that would indicate who was named in such charge. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). It is plaintiff's burden at all stages to show that this court has jurisdiction over his claims. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). Just like the administrative exhaustion requirement concerning particular claims, a plaintiff must also name defendants in the administrative charge prior to filing a civil suit in this court. Title VII provides that a civil action may be brought in federal court only "against the respondent named in the charge" which was filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1). There is, therefore, nothing before the court to indicate that any of these individual defendants

were named in the charge; thus, they could not be properly named in the civil Complaint. In the Western District of North Carolina, the district court has consistently held that "Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge." Schilling v. Rutherford Pediatrics, P.A., 346 F.Supp.2d 828 (W.D.N.C.2004); Jackson v. Blue Dolphin Communications of North Carolina, ___ F.Supp.2d___, 2004 WL 3216067 (W.D.N.C. 2004). *See also* Mickel v. South Carolina State Employment Service, 377 F.2d 239, 241-42 (4th Cir. 1967). Two exceptions to this requirement have developed where (1) the named and unnamed parties have the same functional identity, Alvarado v. Board of Trustees, 848 F.2d 457 (4th Cir.1988), or (2) where plaintiff can show that the unnamed employer had actual notice of the EEOC conciliatory efforts and participated in the EEOC proceedings. Bostic v. Wall, 588 F.Supp. 994, 997 (W.D.N.C.1984), aff'd, 762 F.2d 997 (4th Cir.1985). Review of the Complaint and attachments thereto provides no evidence of functional identity and there is no indication that any of the individual defendants participated or was invited to participate in the EEOC proceedings.

The court will, therefore, recommend that all the named defendants be dismissed from this action and that Wal-Mart Stores East, L.P., be substituted as the real party in interest. The undersigned will further recommend that the time for

service of process be enlarged by 60 days, that process issue for such defendant, and that such defendant be properly served through its agent designated for service of process in North Carolina.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss for Improper Service be **ALLOWED** and that all named defendants be **DISMISSED.**

**IT IS FURTHER RECOMMENDED** that Wal-Mart Stores East, L.P., be **SUBSTITUTED** as the proper party defendant, that the Clerk of this court be directed to issue a summons as to such defendant, and that the United States Marshal be instructed to serve such defendant though service of such defendant's registered agent, CT Corporation System, 225 Hillsborough Street, Raleigh, N.C., 27603.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 30, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge